**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2888-24

QUAMERE JONES,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
AND WORKFORCE
DEVELOPMENT, and
PREMIER CADBURY LLC,

     Respondents.

_____

     Submitted June 3, 2026 – Decided July 15, 2026

     Before Judges Berdote Byrne and Jablonski.

     On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce, Docket No. 370411.

     Quamere Jones, self-represented appellant.

     Jennifer Davenport, Attorney General, attorney for respondent Board of Review (Deborah E. Wassel, Assistant Attorney General, of counsel; Gordon C. Estes, Deputy Attorney General, on the brief).

PER CURIAM

Quamere Jones appeals from the final administrative decision of the Board of Review, Department of Labor (the Board), which affirmed the Appeal Tribunal's denial of his request to vacate the dismissal of his unemployment compensation appeal for failure to appear. The Tribunal dismissed Jones' appeal after he failed to register for a scheduled phone hearing. Upon his application to vacate, it denied relief because Jones had not shown good cause to set aside the order of dismissal as required by N.J.A.C. 1:12-14.4(b).

After careful review, we are constrained to affirm. Jones received the hearing notice twenty-two days before it was scheduled, and the notice clearly set forth the registration requirements for participation. Jones failed to comply with those requirements and, by his own account, was "oblivious to the fact that [he] had to register." He has offered no reason constituting good cause to set aside the order of dismissal; therefore, the Board's decision was not arbitrary, capricious, or unreasonable.

A-2888-24

## I.

Jones was employed by Premier Cadbury LLC until he received notice on April 3, 2024 his employment had been terminated. He filed a claim for unemployment compensation benefits on April 7, 2024. On May 3, 2024, a Deputy of the Division of Unemployment Insurance issued a determination disqualifying Jones from receiving benefits from March 24, 2024, on the ground "he left work voluntarily without good cause attributable to such work." Jones appealed the Deputy's determination to the Appeal Tribunal on May 10, 2024. In explaining his reason for appealing, Jones contended he had not left work voluntarily; rather, he had requested a mental health leave of absence due to multiple deaths in his family and was directed to seek assistance from a doctor.

On July 30, 2024, the Appeal Tribunal mailed Jones notice of a phone hearing scheduled for 10:00 a.m. on August 21, 2024. The notice specifically instructed Jones to complete three steps to participate: (1) register and confirm his attendance by 3:00 p.m. on the business day before the hearing, either online or by phone; (2) provide accurate phone numbers for himself and any witnesses; and (3) be ready to pick up his phone when the appeals examiner called. It further told Jones: "Don't wait!" to confirm his hearing; advised him

A-2888-24

to "[c]onfirm [his] attendance today"; reiterated that he "must confirm before [3:00 p.m.] [on] the business day before [his] appointment"; advised that if he "[did] not pick up [his] phone, [he] may not be able to join the hearing"; and stated that he was "responsible for removing any phone service . . . that could block the Appeals Examiner's call." The notice further warned Jones his "case may be dismissed or a decision may be made based on information that is available" if he failed to appear.

Jones did not register for the August 21, 2024 hearing, did not request an adjournment, and failed to appear. In its decision mailed the same day, the Tribunal provided notice it had dismissed Jones' appeal in accordance with N.J.A.C. 1:12-14.4(a) for failure to appear. The decision advised Jones he could request another hearing by submitting correspondence to the Tribunal explaining why he had failed to register for the phone hearing.

At 11:55 a.m. on the day of the scheduled August 21 hearing, Jones emailed the Appeal Tribunal advising he had not received a call for his 10:00 a.m. hearing. The Tribunal responded by asking whether he had registered as instructed, to which Jones replied he had not seen the registration requirement in the notice, only the date and time, and had assumed the Tribunal would call

4

him.  Jones separately submitted a handwritten letter to the Tribunal acknowledging he had been "oblivious to the fact that [he] had to register."

The Tribunal construed Jones' August 21, 2024 email correspondence as a request to vacate its dismissal and schedule a new hearing pursuant to N.J.A.C. 1:12-14.4(b).  In an August 26, 2024 decision, the Tribunal found Jones had received the hearing notice twenty-two days before the scheduled hearing; the notice had provided him with the date, time, and registration instructions; and Jones had failed to comply with the hearing instructions because he "did not thoroughly read the [notice] in its entirety."  The Tribunal concluded Jones' failure to register did not constitute "good cause," could not be considered a "reasonably foreseen or prevented circumstance," and denied his request to vacate the dismissal and schedule a new hearing.

Jones appealed the Tribunal's decision to the Board, which affirmed the decision, finding "good cause for non-participation was not shown as set forth by N.J.A.C. 12:20-3.1(i)."  This appeal followed.

II.

"An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record."  Russo v. Bd. of Trs.,

A-2888-24

Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27 (2007)). Our review of an agency's decision considers:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216 N.J. 370, 385-86 (2013) (quoting Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995)).]

We must affirm an agency's findings of fact if "supported by adequate, substantial[,] and credible evidence." In re Taylor, 158 N.J. 644, 656-57 (1999) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Moreover, if we are "satisfied after [our] review that the evidence and the inferences to be drawn therefrom support the agency head's decision, then [we] must affirm even if [we] feel[ ] that [we] would have reached a different result . . . ." Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 588 (1988). The burden of demonstrating arbitrary, capricious, or unreasonable action rests upon the party challenging it. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). We are not

6

bound, however, by an agency's "determination of a strictly legal issue . . . ." Russo, 206 N.J. at 27 (quoting Mayflower Sec. Co., Inc. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). We review its purely legal conclusions de novo. In re Ridgefield Park Bd. of Educ., 244 N.J. 1, 17 (2020).

Where, as here, the Appeal Tribunal has dismissed a claim for nonappearance, N.J.A.C. 1:12-14.4(b) provides the following avenue for rescheduling the missed hearing:

> If an appeal tribunal issued an order of dismissal for nonappearance of the appellant, the chief appeals examiner shall, <u>upon application made by such appellant, within six months after the making of such order of dismissal, and for good cause shown</u>, set aside the order of dismissal and shall reschedule such appeal for hearing in the usual manner. An application to reopen an appeal made more than six months after the making of such order of dismissal may be granted at the discretion of the chief appeals examiner.
>
> [(Emphasis added).]

As the Board acknowledges, "good cause" is not defined in N.J.A.C. 1:12-14.4(b). Instead, it relied upon N.J.A.C. 12:20-3.1(i) because that section defines "good cause" in the related context of presentation of appealed claims. N.J.A.C. 12:20-3.1(i) provides:

> A late appeal shall be considered on its merits if it is determined that the appeal was delayed for good

cause. Good cause exists in circumstances where it is shown that:

> 1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or

> 2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.

"We interpret a regulation in the same manner . . . we would interpret a statute." US Bank, N.A. v. Hough, 210 N.J. 187, 199 (2012); see also Matter of Young, 471 N.J. Super. 169, 180 (App. Div. 2022). "In our interpretation of regulations, we give effect to their plain language." In re M.M., 463 N.J. Super. 128, 138 (App. Div. 2020).

Importantly, the statute grants the Tribunal explicit authority to dismiss an appeal on the grounds of nonappearance pursuant to N.J.A.C. 1:12-14.4(a):

> If the appellant fails to appear for a hearing before an appeal tribunal, the appeal tribunal may proceed to make its decision on the record or may dismiss the appeal on the ground of nonappearance unless it appears that there is good cause for adjournment.

> [(Emphasis added).]

The record demonstrates Jones received notice of the hearing, was advised of the registration requirements for participation in the hearing, and failed to comply with those requirements. Jones has also failed to provide any

8

reason, either before the Board or on appeal, constituting "good cause" for setting aside the dismissal. He does not contend he never received notice, nor does he offer anything that could be construed as "circumstances beyond [his] control" or "circumstances which could not have been reasonably foreseen or prevented." N.J.A.C. 12:20-3.1(i). Jones' stated reason for failing to register falls short of "good cause" under any reasonable construction of the term.

The statute explicitly gives the Appeal Tribunal discretion to dismiss the claim procedurally. The notice provided to Jones was clear: it set forth the steps required to register, repeatedly emphasized the urgency of doing so, and expressly warned that failure to appear could result in dismissal of his case. Because the plain language of the administrative code requires "good cause shown" to set aside an order of dismissal, and Jones has failed to show good cause, the Board's decision was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division